WILLIAMS, Judge.
This suit was filed by William T. Gay, Jr. on June 29, 1970 against A. R. Cassard to recover the sum of $15,450 in damages he suffered because of alleged wrongful acts committed by Cassard. The case was tried before a jury on June 6, 1973 and resulted in a verdict for Gay of $3,500. A judgment for this amount was signed on August 22, 1973. Later it was determined this judgment was void as having' been signed in vacation contrary to the rules of the trial court, and a second judgment for the same amount was signed December 21, 1973. On February 13, 1974 a devolutive appeal was perfected by defendant Cassard from this judgment.
For many years Gay was engaged in buying and selling oil and gas production equipment. On or about May 23, 1969 Cassard contacted Gay to purchase a certain type compressor. Cassard advised Gay he was the local representative of Jo-gruss Oil Corporation of New York. Gay took Cassard to E. R. Sink Operator, Inc. at Carthage, Texas, where they viewed a compressor. Gay quoted Cassard a price of $15,450 at the site of the unit’s location. Cassard advised Gay the price was satisfactory and that he would recommend to his principal purchase of the compressor. Cassard obtained an invoice from Gay for the stated purchase price typed on a printed form. The vendor represented on the form was Sandra Petroleum, Inc., a trade name of Gay’s and the vendee, Belle Bower Producing Company, a name under which Cassard operated m managing Jo-gruss Oil Corporation properties.
On May 26, 1969 a Jogruss Oil Corporation check was mailed to Cassard for the sum of the invoice with a notation thereon the check was in payment of the invoice. Cassard received the check within a day or two after it was written. In the meantime Cassard contacted E. R. Sink Operator, Inc. of Carthage, Texas, direct and learned Gay was to purchase the compressor unit from Sink for $4,500. Cassard then offered Sink $5,000 and purchased the compressor. Unknown to Gay, the compressor was delivered direct to Cassard’s operating company. The check Cassard received from Jogruss Oil Corporation was made payable to Sandra Petroleum, Inc. A xerox copy of the check shows it was endorsed “Sandra Petroleum Company”, and according to the evidence, deposited by Cassard in Louisiana Bank & Trust Company June 16, 1969 in an account styled *894 “Sandra Petroleum Company . This account was opened by Cassard for the sole purpose of handling the funds represented by the Jogruss check. On June 18, 1969 Cassard withdrew $5,000 from this account and paid this by bank money order to E. R. Sink Operator, Inc. as purchase price of the compressor. On the same date Cassard transferred $7,500 to his concern, Belle Bower Producing Company, Inc. Except for the cost of transporting the compressor, the balance of the funds were hot accounted for.
Cassard contends there is no legal basis for the verdict of the jury granting judgment in favor of Gay. To resolve this question it is necessary to pose the contractual relations developed by Gay and Cas-sard.
The evidence reveals that Gay, doing business as Sandra Petroleum, Inc., offered to sell to Cassard, doing business as Belle Bower Producing Company, Inc., a compressor unit for $15,000 plus sales tax. Cassard accepted this offer subject to approval and payment of this sum by his principal, Jogruss Oil Corporation. On the recommendation of Cassard to Jogruss, the sale was approved and a check for this purchase was sent to Cassard. The check was actually made payable to Gay’s company. Cassard converted the funds by the method described so that a major portion thereof was diverted to his personal use. LSA-C.C. Art. 2456 states:
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.”
 Gay had a verbal option to purchase the compressor and his representations to Cassard were correct that delivery of the compressor would be made upon Cassard’s payment to Gay of the agreed price. The only condition in their agreement was the approval and advancement of funds to Cassard by Jogruss Oil Corporation. This was done and the agreement between Gay and Cassard became effective and the sale perfected. However, it may be noted plaintiff neither appealed nor answered defendant’s appeal, hence the judgment may not be modified on appeal to plaintiff’s advantage.
Cassard breached the agreement and prevented its execution by dealing direct with E. R. Sink Operators, Inc. and diversion of the funds received.
The verdict of the jury has a valid legal basis and the amount awarded is well within the jury’s discretion. Therefore the judgment of the trial court is affirmed.
Affirmed.